UNITED STATES DISTRICT COURT



**FILED**

FEB 2 8 2007

CLERK

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |  |
|---|---|---|
| GLOBAL POLYMER INDUSTRIES, INC., | \* | 05-4081 |
|  | \* |  |
| Plaintiff, | \* |  |
| -vs- | \* | ORDER OF DISMISSAL |
|  | \* | AND TRANSFER |
| C&A PLUS, INC., and C&A PRO, LLC, | \* |  |
|  | \* |  |
| Defendants. | \* |  |
|  | \* |  |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant C&A Pro, LLC's ("C&A Pro") second motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure remains pending. (Doc. 26.) As stated in the Memorandum Opinion and Order issued on December 14, 2006, doc. 55, the Court found that personal jurisdiction does not exist over C&A Pro. The Court indicated that it will exercise its discretion under 28 U.S.C. § 1406(a) to transfer this case to the District of North Dakota, where personal jurisdiction exists over C&A Pro, after giving the parties an opportunity to be heard. Plaintiff, Global Polymer Industries, Inc. ("Global") was directed to serve and file a brief by January 5, 2007, setting forth argument and authority in support of its position on the Court's intention to transfer the case. C&A Pro was to respond by January 25, 2007. The Court heard nothing from anyone until late February. No briefs were ever filed by the parties.

The Court has been advised by letters dated February 23 and February 26, 2007 from the lawyers for Global and C&A Pro that the parties' settlement attempts have so far been unsuccessful. Global requests some additional time to negotiate a resolution of the litigation between the parties. If additional time had been requested on a timely basis, it would have been granted. Instead, the Court's allowance of an opportunity for the parties to state their respective positions on transfer was ignored. The Court will grant the motion to dismiss without prejudice and will transfer this case to the District Court for the District of North Dakota. If the parties settle the case, they can settle it while it is pending in North Dakota. Accordingly,

IT IS ORDERED that the motion to dismiss for lack of personal jurisdiction is granted (doc. 26), and the Clerk of Court shall transfer the above-entitled action to the United States District Court for the Southeastern Division of North Dakota.

Dated this ____ day of February, 2007.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
          DEPUTY

2